## TUTTLE *versus* SWETT & al.

A contract to employ a laborer for three years, at specified wages per day, unless it be in writing, is within the statute of frauds, and cannot be enforced.

EXCEPTIONS from the District Court, COLE, J.

Assumpsit upon a parol promise to employ the plaintiff three years, to labor for the defendant in making powder-casks, for

which they were to furnish him a dwellinghouse, and to pay him one dollar, twenty-five cents per day.

Plaintiff introduced proof of the bargain, and of defendant's refusal to employ him. He also read three letters from the defendants to him, which were in substance as follows : —

"June 12, 1847. I have concluded to hire you at your offer ; shall depend on you, as you talked."

"October 10, 1847. I have talked with Jones about your coming ; have concluded to keep on a year longer, without you." ·

"January 31, 1848. I received yours. If any thing is wrong and of damage to you, let it stand till I come, and I will endeavor to do right."

A nonsuit was ordered.

*Ludden*, for plaintiff.

1. The contract is not within the statute of frauds. It is a contract for the manufacture of goods. 18 Johns. 58 ; 1 Str. 506 ; 4 Burrows, 2101 ; 1 Dane's Abr. 238, 562 ; 1 Kent's Com. 505; 21 Pick. 205 ; 1 Taunt. 318 ; 19 Maine, 137.

2. The defendant's letters withdraw the case from the statute. 3 Greenl. 409 ; 1 Dane, 237, 240—5 ; 13 Mass. 87; 1 Esp. 189 ; 1 Com. on Con. 93, 112, 413 ; 6 Blackf. 367.

3. It may be considered a contract from day to day, as the wages are at a daily rate. An action might lie for each days labor. Therefore not within the statute.

4. The last letter recognizes a bargain, and promises to do right. We may prove, and have proved, by parol, what the bargain was.

*Walton*, for defendants.

HOWARD, J., orally. — The contract could not be performed in a year. It is an entire contract for three years service. It was not in writing. The letters prove no contract. The case is within the statute of frauds.     *Nonsuit confirmed.*